IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DEMETRIUS RASHARD LUKE, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:19-CV-122 (LAG) |
| JAMEEL H. GULLEY, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Jameel Gulley's Motion for Summary Judgment (Doc. 155). For the reasons stated below, Defendant's Motion is **DENIED**.

## PROCEDURAL BACKGROUND

Plaintiff filed this action on March 13, 2019, in the State Court of Dougherty County, and filed an amended Complaint on July 11, 2019. (Docs. 1-1, 1-2). On July 19, 2019, Defendant removed the case to this Court pursuant to the Court's federal question jurisdiction. (Doc. 1 ¶¶ 6–7); *see* 28 U.S.C. §§ 1331, 1441. Plaintiff's Complaint alleges claims for malicious prosecution under 42 U.S.C. § 1983 and claims for malicious prosecution and false arrest under Georgia law. (*See generally* Doc. 1-1 at 2–10; Doc. 1-2).

On April 13, 2021, Plaintiff filed a Motion for Summary Judgment (Doc. 73), and on June 21, 2021, Defendant filed a second Motion for Summary Judgment (Doc. 82). The Court denied Plaintiff's Motion for Summary Judgment and granted Defendant's Second Motion for Summary Judgment on January 19, 2022. (Doc. 120). Plaintiff appealed, and the Eleventh Circuit vacated the Order granting Defendant's Motion for Summary Judgment. (Doc. 147); *Luke v. Gulley (Luke II)*, 50 F.4th 90, 96 (11th Cir. 2022) (per curiam). The Eleventh Circuit determined that Defendant Gulley was not entitled to qualified immunity. *See Luke II*, 50 F.4th at 96. The Court of Appeals held that Plaintiff's imprisonment of 61 days without a lawful warrant violated Plaintiff's "right to be free from

an unreasonable seizure." *Id.* Acknowledging that Plaintiff "could recover nominal damages[,]" the Court explained that, "to 'recover actual damages,' [Plaintiff] must establish that, but for Detective Gulley's conclusory affidavit, 'he would have been released earlier or would not have faced detention.'" *Id.* (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1161 (11th Cir. 2020)).

The Court held a Status Conference on February 15, 2023, during which the Parties were ordered to file a new Proposed Scheduling and Discovery Order to "set new deadlines for any outstanding discovery related to Plaintiff's alleged damages." (Doc. 152; Doc. 153 at 1). The Parties engaged in further discovery limited to Plaintiff's alleged damages, and Defendant filed a third Motion for Summary Judgment on September 13, 2023. (Doc. 155). After receiving extensions, Plaintiff filed a Response on October 18, 2023, and Defendant filed a Reply on November 15, 2023. (Docs. 156, 157, 159, 160). The Motion for Summary Judgment is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate where "the evidence shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) (quoting Fed. R. Civ. P. 56(a). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citations omitted). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1311 (11th Cir. 2018) (quoting *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004)). At summary judgment, the Court views the evidence "in the light most favorable to the non-moving party" and resolves factual disputes for the nonmoving party when doing so is supported by sufficient evidence.

*Gogel*, 967 F.3d at 1134 (quoting *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007) (per curiam)); *Whitehead v. BBVA Compass Bank*, 979 F.3d 1327, 1328 (11th Cir. 2020).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018); *Whitehead*, 979 F.3d at 1328. The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013) (per curiam). If the movant meets their initial burden, the nonmoving party must demonstrate that there is a genuine dispute for trial. *Whitehead*, 979 F.3d at 1328 (citing *Celotex*, 477 U.S. at 324). The nonmovant must "go beyond the pleadings and . . . present competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating specific facts showing a genuine issue for trial." *Lamar v. Wells Fargo Bank*, 597 F. App'x 555, 557 (11th Cir. 2014) (per curiam) (citing *Celotex Corp.*, 477 U.S. at 324).

## DISCUSSION

The facts in this case were previously set forth in the Court's Order on the Parties' Cross Motions for Summary Judgment. (*See* Doc. 120). A review of the Parties' respective Statements of Material Facts and the record revealed that the additional discovery conducted by the Parties on the issue of damages has not altered the facts previously determined by the Court. (*See* Docs. 155-2, 157-1, 157-5). Thus, the Court does not restate the facts here.

Defendant's third Motion for Summary Judgment requests that the Court "grant Defendant's Motion as to [P]laintiff's remaining claims for actual damages and requests that the Court enter judgment against Defendant Gulley for nominal damages only." (Doc. 155-1 at 1). Defendant argues that "[b]ecause [Defendant] possessed probable cause, or at least arguable probable cause, to arrest [P]laintiff for the murder of John Lewis, [P]laintiff

3

cannot recover actual damages as a matter of law." (*Id.* at 5 (citing *Luke II*, 50 F.4th at 96)). Defendant further argues that "independent probable cause determinations by the Dougherty County District Attorney's Office and a Dougherty County Grand Jury sever the causal chain" necessary to recover actual damages. (*Id.* at 7). Plaintiff argues that Defendant has "made no . . . showing" that there was "independent probable cause at the time of and during the period of [Plaintiff's] incarceration." (Doc. 157 at 9). Plaintiff argues that record evidence shows "that Defendant clearly violated his constitutional rights and intentionally deceived the magistrate, prosecutors, and grand jury, as there was never probable cause for Plaintiff's arrest and incarceration" and that Plaintiff is therefore "entitled to compensatory damages, as well as other forms of damages," including punitive damages, "to be awarded at trial." (Doc. 157 at 19–20).

A review of the record establishes that there is a genuine issue of material fact as to whether Defendant Gulley's affidavit was the but for cause of Plaintiff's unlawful seizure. Accordingly, Defendant's third Motion for Summary Judgment (Doc. 155) is **DENIED**.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. 155) is **DENIED**.

**SO ORDERED**, this 30th day of August, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**